## No. 9718.

### GEORGE PILSBURY VS. JULIUS FRIEDLANDER ET ALS.

Under a contract wherein a firm or commercial partnership undertakes to furnish the capital required to prosecute a designated enterprise to a third person named, who agrees to manage and control same through his influence, and the *net* profits thereof are to be equally divided, the expense thereof is upon the latter, unless the contrary is stipulated or agreed upon.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

---

*Chas. Louque* for Plaintiff and Appellant.

*Braughn, Buck, Dinkelspiel & Hart* for Defendants and Appellees.

---

The opinion of the Court was delivered by

WATKINS, J.   The plaintiff alleges "that on the 15th day of April, 1884, * *  whilst in Belize Honduras, he was employed by the late commercial firm of J. Friedlander & Co., then composed of H. Leopold, Julius Friedlander, Henry Viavant and Albert Pilsbury * * as solicitor and representative of said firm in said country; that no terms were made with petitioner" (as to) "his salary for employment."

He alleges that he worked faithfully for, and represented his principals "until the 16th day of June, 1885, at which time said firm repudiated their contract with" him.

He alleges further that, during the fourteen months he worked for said firm "he only received from them the actual cost of his traveling expenses," and that his services were "well worth the sum of $150 per month, for which all the members of the firm are responsible *in solido*" and he prays judgment against them for $2100.

Henry Viavant and Albert Pilsbury accepted service and made no appearance or defense, and judgment by default was entered against them; but Friedlander and Leopold appear and answer, and resist the plaintiff's demands.

In their answer they specially deny that plaintiff was at any time in their employ, or in the employ of the firm of J. Friedlander & Co.

They represent that, during the existence of the firm of J. Friedlander & Co., "Albert L. Pilsbury became interested in a *certain portion* of their business, that is, the portion relating to their Central and South American trade," and *he* procured the services of his brother, the plaintiff, and that, "though drafts were drawn on the firm    *    * for the expense of George Pilsbury, same were never paid except upon the approval of Albert L. Pilsbury, and were charged to his individual account."

They further represent "that all the correspondence of George Pilsbury, relating to the business done by him, was addressed to and answered by A. L. Pilsbury individually, and in no case was same done by either one of respondents, or by the firm of J. Friedlander & Co."

## I.

The only serious question presented for our consideration is whether the plaintiff was ever actually and really employed by J. Friedlander & Co, or not. He does not claim that any definite arrangements were made as to what his compensation should be or for what length of time he should work, or whether by the month or year.

Quite a number of witnesses were examined, and the usual conflict of testimony occurs.

An examination of the evidence has satisfied us of the following facts substantially.

That the firm of Pilsbury & Sons failed in business, and George Pilsbury went to Honduras for the purpose of making collection of its assets, and was thus employed in 1884, when he began operations there for his brother, A. L. Pilsbury, who had made a contract with J. Friedlander & Co., appertaining to the Central American business.

This agreement was to the effect "that all profits arising out of the business *contracted by A. L. Pilsbury, or brought under the management of the firm through his influence, either directly or indirectly, shall be equally divided as to the net results between the parties."*

That H. Leopold had exclusive charge of the office, and the engagement of employees of the firm, to the knowledge of A. L. Pilsbury; and that, notwithstanding H. Viavant, while in Belize, in June, 1884,

engaged the plaintiff to represent the firm and published, in a Honduras paper, a card to the effect that "J. Friedlander & Co., would *continue the business of Messrs. Pilsbury & Sons, under the superintendence of Messrs.* A. L. Pilsbury and George Pilsbury;" but he made no arrangement with regard to George Pilsbury's salary, but says, he "left that to be settled by his brother, who was better able to fix his salary."

As a member of the firm, Mr. Viavant states that his sole duty "was to buy spot cotton;" and his publication of the card in the Belize paper was unknown to the firm of J. Friedlander & Co., until January, 1885, when it was repudiated and withdrawn.

On the 16th of June, 1885, the plaintiff voluntarily discontinued his employment in Honduras, and returned to New Orleans.

During the term of his employment plaintiff conducted his business correspondence exclusively with his brother, A. L. Pilsbury, and produced none of their letters on the trial.

The only letter that was produced by plaintiff, and introduced in evidence, signed by J. Friedlander & Co., opens in this wise, viz:

" George Pilsbury, Esq., Honduras:

" *Dear Sir*—By *request of Mr. A. L. Pilsbury, we take the liberty* of addressing you regarding the Honduras business, which can be, under proper management and careful solicitation, worked up to some magnitude.

" Viavant returned, but his trip seems to have accomplished little," etc.

This letter bears date at New Orleans, July 7, 1884, but makes no mention of plaintiff's employment by Viavant, who had then just returned from Honduras.

Plaintiff drew on J. Friedlander & Co. from time to time, and for small amounts, to cover his expenses while in Honduras; but he notified his brother, A. L. Pilsbury, and when same were received, J. Friedlander & Co. called the attention of A. L. Pilsbury to them, and procured his consent to pay them, and charge same to his account. Plaintiff had no account with them during the period of his employment.

The plaintiff never demanded payment of any specific salary from the firm, and received no payment on that score.

When he returned from Honduras he called at the office of J. Friedlander & Co., and requested permission of Mr. Leopold and Mr. Viavant to see his brother's books in order to ascertain his *brother's interest* therein, and, at that time, told Mr. Leopold, " that, although he had no contract with his brother, *he was entitled to one-quarter interest.*"

Previous to this he had called upon his brother for a settlement.

At that time plaintiff claimed that this one-quarter interest meant " no more and no less than the half interest of  *  *  * A. L. Pilsbury," and that same was his understanding when he returned from Honduras.

. A lot of cards were printed for the firm of J. Friedlander & Co., with the name of the plaintiff printed or stamped in red ink across their face.   Of them plaintiff says, as a witness: " I don't know who sent them; they were sent by the firm; my brother wrote me as he did usually.   All the correspondence was done with my brother."

A. L. Pilsbury ordered the cards, and sent them to the plaintiff, but the evidence fails to disclose that the firm of J. Friedlander & Co. had . knowledge of it.

There was kept a separate set of books for the Central American business, of which A. L. Pilsbury had the management, and it was distinct and separate from that kept for the cotton commission business of J. Friedlander & Co.

Mr. Beer states that when he met plaintiff in Honduras he did not claim to then represent J. Friedlander & Co.   " He claimed that Messrs. J. Friedlander & Co. were simply *agents for Mr. Pilsbury and brother.*"

The statements made by George Pilsbury, Henry Viavant and A. L. Pilsbury do not fairly correspond as to the plaintiff's employment.

Under this summarized statement of facts we conclude that the alleged contract of employment sued on by plaintiff, is not supported by the evidence.

There is no reasonable doubt of the valuable services rendered by the plaintiff whereby this Central American adventure became a success for a time; but, under the contract of the parties, as interpreted by the evidence, the plaintiff cannot recover of the defendants, Friedlander and Leopold.

Judgment affirmed.